ALFRED S. CLAYPOOL et al., appellants,

*v.*

JOSEPH NORCROSS, respondent.

An oral announcement of an intention to appeal from a decree of the orphans court, or even an oral demand of an appeal, is insufficient. The demand must be in writing.

---

Appeal from decree of Burlington orphans court. Motion to dismiss appeal.

*Mr. C. E. Hendrickson* and *Mr. B. Gummere,* for the motion.

*Mr. G. S. Cannon* and *Mr. F. Voorhees, contra.*

THE ORDINARY.

This is an appeal from a decree of the Burlington orphans court, refusing to admit to probate a paper writing, purporting to be a codicil to the will of Rachel N. Murphy, deceased. The decree was made and signed and filed on the 14th of December, 1882. The demand of appeal in writing was not filed until the 1st day of February, 1883, forty-three days after the filing of the decree. The statute governing appeals in such cases provides that the appeal must be demanded in thirty days after the order or decree. The respondent moves to dismiss the appeal on the ground that it was not demanded within the time limited by law for that purpose. The appellants insist (and their counsel so testify) that the appeal was in fact orally demanded within the thirty days, though a written demand was not filed within that period. They allege that an oral demand was made by their counsel in open court in the presence of the counsel of the respondent at the time when the decree was signed, and that their counsel afterwards, on the 26th of December, again demanded the appeal in open court. Their senior counsel testifies to this demand of appeal on both occasions, and their junior counsel testifies that he was present on the first one and understood and believed that an appeal was then demanded, and that the respondent's counsel so understood it. The counsel of the respondent, on the other hand, denies that he heard any demand of appeal, and the surrogate testifies that he was present at the signing of the decree; that no appeal was demanded from it or any part of it, and that nothing was said about appealing from it in his presence during the hearing upon the decree (to settle its form) nor at any other sitting of the court. The presiding judge states in a letter, read on this motion without objection, that he understood the appellants' counsel to say that he would appeal, and another of the judges says, in a letter referred to on the argument, that the counsel spoke of his intention to appeal. This, however, does

not sustain the allegation that an appeal was then demanded, for what was said, according to the recollection of the judges, was only expressive of an intention to appeal, or, in the language of the statute, of an intention to demand an appeal.

The subject of the manner of demanding an appeal in such cases was fully discussed and considered, and carefully and elaborately decided by the ordinary (Chancellor Green) in *Hillyer* v. *Schenck,* *2 McCart. 398,* over twenty years ago, and what was then declared to be the established practice has been observed ever since. It was there held that a mere *viva voce* demand of appeal is not sufficient. That is all there was in this case, conceding the utmost to the appellants. Nor does there appear to be any good reason for changing the practice. The case in hand is illustrative of the necessity of requiring that the demand of appeal shall be in writing. On the one side it is positively averred that the appeal was demanded. The other side did not hear it, nor did the surrogate, and what the judges heard was merely an expression of intention to appeal. From the record it appears that no appeal was demanded within the limited time. There was undoubtedly an intention to appeal, and the appellants' counsel supposed an appeal had been duly taken, but it was not taken according to the requirements of the established practice of the court—a practice founded on just and reasonable considerations—and I am therefore constrained to dismiss the appeal.